United States District Court
Southern District of Texas
FILED

JUN 1 5 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DORA LUZ SAUCEDA | § |
| | § Civil Action No. B-04-049 |
| | § |
| Plaintiff | § |
| | § |
| v. | § |
| | § |
| JO ANNE B. BARNHART, | § |
| Commissioner of the | § |
| Social Security Administration | § |
| | § |
| Defendant | § |

## MOTION FOR SUMMARY JUDGMENT

The plaintiff moves the Court for summary judgment on the complaint for judicial review of a denial of a claim for social security benefits based on the administrative record which has been filed with the Court.

## PLAINTIFF'S BRIEF
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

### STATEMENT OF JURISDICTION

This action for judicial review of a denial of a claim for social security disability benefits is authorized by the Social Security Act (42 USC 405(g) and 1383(c)(3)).

### STATEMENT OF THE ISSUE

Whether the finding that the plaintiff can do the full range of sedentary work is supported by substantial evidence when the administrative law judge agreed with the State agency physician's opinion that her mental impairment is a severe impairment yet made no assessment of her mental limitations.

## STATEMENT OF THE CASE

### Administrative Proceedings and Disposition

An administrative law judge ("ALJ") held a hearing on the denial of the plaintiff's claim for disability benefits under the Social Security Act ("Act") on June 5, 2003, in Harlingen, Texas. [TR 19-35]. In the decision issued on September 26, 2003, the ALJ found that the plaintiff had slight residual deficiency from a cerebral infarction ("stroke") as a severe impairment; concurred with the State agency assessment of her mental impairment which indicated she had work-related mental limitations; found that she can do the full range of sedentary work, that she has no past relevant work, but she can do unskilled sedentary jobs administratively noticed by direct application of rule 201.27 of the medical-vocational guidelines. [TR 9-18]. The Appeals Council denied the request for review of this decision on January 23, 2004. [TR5-6]. The plaintiff has exhausted all administrative remedies and filed a timely request for judicial review.

### Plaintiff's Application, Background, and Allegations

The plaintiff filed an application for disability benefits under title XVI of the Act on October 31, 2001, alleging an in ability to work because of left-sided weakness from a "stroke." She was 45 years old at the time of the hearing, completed the equivalency of the twelfth grade of school, and has no past relevant work experience. [TR 22-24, 73-76, 84-93]. She testified that she has been taking medication for depression since having the stroke in October 2001. [TR 26].

### Medical Evidence and Opinion

John Reeder, M.D., a consulting examiner, diagnosed the plaintiff with possible residual deficiency from a cerebral infarction and recommended a neuropsychiatric evaluation. [TR 120-122]. Robert Collier, M.D., a consulting psychiatrist, diagnosed the plaintiff with depression

secondary to her physical illness (status-post cerebral vascular accident). [TR 157-158]. The State agency reviewing psychologist, based on the consultative psychiatric examination, completed a Psychiatric Review Technique Form indicating that her mental impairment is severe and requires an assessment of mental limitations [TR 159-172]. He also completed a form for work-related mental limitations showing that the plaintiff is "moderately limited" in the ability to understand and carry out detailed instructions, to interact with the public, to accept criticism from supervisors, and to respond appropriately to changes in the work setting. The reviewing psychologist commented that the plaintiff can "perform one or two step tasks." [TR 173-175].

### Vocational Evidence and Opinion

Jerold Hildre, a vocational expert, testified that a person who could lift only ten pounds and had a "moderate impairment in relating to other people due to depressive symptoms" could do the full range of sedentary work.. [TR 34]. The ALJ's hypothetical question did not present all of the limitations indicated by the State agency's reviewing psychologist.

## STANDARD OF REVIEW

Judicial review of a final decision of the Commissioner of Social Security is limited to determining whether the Commissioner's findings of fact are supported by substantial evidence and whether the proper legal standards were applied (42 USC 405(g) and 1383(c)(3)). See: Boyd v. Apfel, 239 F. 3d 698, 704 (5th Cir. 2001) [quoting Harris v. Apfel, 209 F. 3d 413, 417 (5th Cir. 2000)].

## ARGUMENTS

### Vocational Testimony Required

In this case, the State agency reviewing psychologist, based on a consultative psychiatric

examination showing that the plaintiff has depression secondary to physical illness [TR 158], completed a Psychiatric Review Technique Form indicating that her mental impairment is severe and requires an assessment of mental limitations [TR 159-172]. In the decision, the ALJ stated that he agreed with that assessment [TR 14] but nevertheless found that she can do the full ranged of sedentary work [TR 16]. The State agency psychologist completed a form for work-related mental limitations showing that the plaintiff is "moderately limited" in the ability to understand and carry out detailed instructions, to interact with the public, to accept criticism from supervisors and to respond appropriately to changes in the work setting. He commented that the plaintiff can "perform one or two step tasks." [TR 173-175].

The ALJ's finding that the plaintiff can perform the full range of sedentary unskilled work administratively noticed in the *Dictionary of Occupational Titles* is legally erroneous. The vocational expert testified that a person who could lift only ten pounds and had a "moderate impairment in relating to other people due to depressive symptoms" could do the full range of sedentary work, but the ALJ's hypothetical question did not present all of the limitations indicated by the State agency's reviewing psychologist. [TR 34]. The ALJ made no findings of fact with respect to the four mental activities generally required by competitive, remunerative, unskilled work: (1) understanding, remembering, and carrying out simple instructions; (2) making judgments that are commensurate with the functions of unskilled work — i.e. simple work-related decisions; (3) responding appropriately to supervision, coworkers and usual work situations; and (4) dealing with changes in a routine work setting (20 CFR 416.921(b)). A finding of fact must be made with respect to each of these mental activities before the ALJ can conclude that the plaintiff can do unskilled work without vocational testimony concerning job

that she may be able to do.  A *substantial loss of ability* to meet any *one* of these basic work-related mental activities on a sustained basis (i.e. 8 hours a day, 5 days a week, or equivalent schedule) substantially erodes the occupational base for unskilled work and would justify a finding of disability.  When an individual has a *limited ability* in *one or more* of these basic work activities, vocational testimony is required to determine the impact of the limitations on the individual's potential occupational base for unskilled work (Social Security Ruling 96-9p).  See: Lucy v. Chater, 113 F.3d 905, 909 (8th Cir. 1997) [noting that many unskilled jobs require more than the mental capacity to follow simple instructions]; Sanders v. Sullivan, 983 F. 2d 822, 823-824 (8th Cir. 1992) [ALJ erroneously assumed, without further psychological or vocational testing and without expert vocational testimony, that work-related stress resulting from a mental disorder would be minimized in an unskilled job].

The State agency psychologist completed a form for work-related mental limitations showing that the plaintiff is "moderately limited" in the ability to understand and carry out detailed instructions, to interact with the public, to accept criticism from supervisors, and to respond appropriately to changes in the work setting. [TR 173-175].  Because of these non-exertional limitations, the ALJ was required to obtain testimony from a vocational expert to ascertain the impact of the plaintiff's non-exertional limitations on her potential occupational base for other work with (1) citations of examples of the jobs or occupations the plaintiff can do functionally and vocationally, and (2) a statement of the incidence of such work in the region where the plaintiff resides or in the several regions of the country (20 CFR 416.969a and Social Security Rulings 83-14 and 85-15).  Newton v. Apfel, 209 F. 3d 448, 458 (5th Cir. 2000).

### Psychiatric Review Technique Form

The ALJ stated that he concurred with the limitations identified on the Psychiatric Review Technique Form (PRTF), completed at the lower levels of adjudication. [TR 14]. These limitations, however, are not a residual functional capacity assessment but rather a rating of the severity of the plaintiff's mental impairment at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment of various functions such as the ability to understand, carry out, and remember instructions; to use judgment in making work-related decisions; to respond appropriately to supervision, co-workers, and work situations; and to deal with changes in a routine work setting (20 CFR 416.920a, 416.921(b) and 416.945(c) and Social Security Ruling 96-8p). Because the four areas of mental functioning identified on the PRTF do not match the basic work-related mental activities set forth in the regulations, the ALJ may not draw conclusions about the plaintiff's mental limitations from the PRTF alone. Chambers v. Barnhart, 2003 WL 22512073 (10th Cir. 2003) [restricting claimant to "simple tasks" is not a conclusion that can be drawn from assessment of claimant's "concentration, persistence and pace" on PRTF]; Loza v. Apfel, 219 F.3d 378, 392 (5th Cir. 2000) [finding of a slight restriction in "activities of daily living" on PRTF does not address claimant's ability to work].

### Simple Work with "One or Two Step Tasks"

The reviewing psychologist commented that the plaintiff can "perform one or two step tasks." [TR 173-175]. Although one court concluded that a hypothetical question to the vocational expert stating the claimant was capable of doing "simple, repetitive, routine work" was adequate to describe mental limitations associated with borderline intellectual functioning

[Howard v. Massanari, 255 F.3d 577, 582 (8th Cir. 2001)], this case is limited to the situation in which the only mental impairment is a cognitive impairment (borderline intellectual functioning) rather than an emotional impairment (such as a depressive and/or anxiety disorder). Another court observed that the phrase "simple, repetitive one, two-step tasks" might refer to a variety of both physical and mental limitations: lack of motor skills; lack of initiative or creativity; lack of intelligence; or fear and unwillingness to take on unfamiliar tasks. The generic limitation fails to incorporate all of the other aspects of a mental impairment such as deficiencies in the ability to use judgment, respond appropriately to others, adapt to changes in the work setting, function independently, demonstrate reliability, or tolerate stress in the workplace. See: Burns v. Barnhart, 312 F.3d 113, 123 (3rd Cir. 2002), distinguishing Howard v. Massanari, 255 F.3d 577 (8th Cir. 2001). See also: Lucy v. Chater, 113 F.3d 905, 908-909 (8th Cir. 1997) [noting that many of the unskilled sedentary jobs listed in the *Dictionary of Occupational Titles* require more than the ability to perform simple tasks].

### Remand Justification

A remand to the Commissioner for further proceedings and a new decision is justified when the administrative decision to deny a claim for social security disability benefits is unsupported by substantial evidence, or when a substantive or procedural error of law adversely affects a substantial right or casts into doubt the existence of substantial evidence to support the decision. The additional evidence to be obtained after remand to the Commissioner, or the evaluation of the evidence in light of the correct legal standard, need only raise a "reasonable possibility" (as opposed to a "likely probability") that it would have changed the outcome of the Commissioner's decision. See: Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995), and citing

Latham v. Shalala, 36 F. 3d 482, 483 (5th Cir. 1994) [discussing appropriateness of remand when new and material evidence becomes available after the Commissioner's decision].

The ALJ's decision should be more than an exercise in robotics — mechanically putting words on paper without any apparent thought given to what is being written. The decision to deny benefits must be written in "understandable language" (42 USC 405(b)). When the decision is so poorly articulated as to prevent meaningful review, the case must be remanded. The ALJ's decision is simply a cut-and-paste patchwork of boilerplate language, and its internal inconsistency attests that little, if any, consideration was given to any kind of evidentiary basis in assessing the plaintiff's functional limitations. Other than stating that he agreed with the PRTF completed by the State agency psychologist, the ALJ failed to discuss what mental limitations the plaintiff has. If the ALJ felt that the plaintiff had no mental limitations, then he should have discussed the limitations assessed by the State agency psychologist and explained, with reference to other evidence in the record, why those limitations are invalid. Instead, the assessment of her residual functional capacity is a one-sentence conclusory statement [TR 16]:

> "According, I find that the claimant retains the residual functional capacity for the full range of sedentary work."

Accordingly *to what*? There are more than two pages of recitation of raw medical data enmeshed with testimony without any apparent point to be made. The ALJ made no attempt to articulate some rational and logical connection between the finding with respect to the plaintiff's residual functional capacity and the evidence upon which this finding is based:

> " ... we cannot uphold a decision by an administrative agency, any more than we can uphold a decision by a district court, if, while there is enough evidence to support the decision, the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result."

Sarchet v. Chater, 78 F.3d 305, 307 (7th Cir. 1996).

Principles of administrative law require the ALJ to articulate the grounds for the decision, and judicial review is confined to the reasons supplied by the ALJ — not those supplied by appellate counsel with *post hoc* arguments that build an accurate and logical bridge from the evidence to the conclusions reached. Mere assertions to the effect that the "record as a whole" fills the gaps in the ALJ's analysis of the evidence does not meet the requirement of the Act that the Commissioner's written decision set forth a discussion of the evidence and the reasons for the adverse decision in understandable language (42 USC 405(b)). See: Steele v. Barnhart, 290 F.3d 936, 940-941 (7th Cir. 2002).

## RELIEF REQUESTED

The Court should remand this case to the Commissioner pursuant to sentence four (4) of 42 USC 405(g) for further proceedings. The Court should also award reasonable attorney fees, court costs and other expenses of litigation, and all other legal or equitable relief to which the plaintiff is entitled in connection with the present action.

Respectfully submitted,

INGRAM LAW FIRM, P.C.

By: _____
JOHN J. INGRAM
State Bar No. 24025447
Southern District of Texas Bar No. 25468
3016-A N. McColl
McAllen, Texas 78501
(956) 661-0074 Telephone
(956) 661-0047 Facsimile

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was mailed to the opposing counsel on ⟨June 14, 2004⟩ by United States mail and by facsimile.

    TASHA STEVENSON, Attorney-in-Charge
    Special Assistant U. S. Attorney
    Office of the General Counsel, SSA
    1301 Young Street, Suite 430
    Dallas, Texas 75202
    Telephone: (214) 767-4536
    Facsimile: (214) 767-9189