United States District Court
Southern District of Texas
FILED

AUG 0 4 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DORA LUZ SAUCEDA, | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. B-04-049 |
| | ) | |
| JO ANNE B. BARNHART | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
|     Defendant | ) | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
### FOR SUMMARY JUDGMENT

The Defendant, Jo Anne B. Barnhart, Commissioner of the Social Security Administration, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, and his designated attorney-in-charge, Tasha Stevenson, Special Assistant United States Attorney, files her Response to Plaintiff's Motion For Summary Judgment.

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), for a review of a final decision of the Commissioner of the Social Security Administration denying Plaintiff's claim for a period of disability and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. § 1382c.

### I. ISSUE PRESENTED

Whether substantial record evidence and relevant legal standards support the Commissioner's findings that Plaintiff was not disabled.

## II. STATEMENT OF THE CASE

Plaintiff filed an application for Supplemental Security Income Benefits on October 31, 2001 (Tr. 12). Plaintiff based her claim for disability benefits on headaches, weakness, and numbness on the left side (Tr. 13). Plaintiff testified that she was 45 years of age at the time of the administrative hearing (Tr. 22). Plaintiff also stated that she had a General Equivalency Degree (Tr. 22). Jerold Hildre was called to testify as a vocational expert (VE) at the administrative hearing (Tr. 31).

In a decision dated September 26, 2003, the ALJ found at step five of the sequential evaluation process that Plaintiff has the residual functional capacity to perform sedentary work (Tr. 17). Plaintiff filed a Request for Review with the Appeals Council. However, the Appeals Council concluded that Plaintiff's Request for Review failed to provide a basis for changing the ALJ's decision (Tr. 5-6). Therefore, the ALJ's decision became the Commissioner's final decision for purposes of judicial review. The instant civil action followed.

## III. ARGUMENT

**The Commissioner's Decision That Plaintiff Is Not Disabled Within The Meaning Of The Social Security Act Is Supported By Substantial Evidence and Must Be Affirmed.**

### A. Standard of Review

Judicial Review of the Commissioner's final decision of not disabled is limited under 42 U.S.C.§ 405(g) to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the decision is consistent with relevant legal standards. Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992). Substantial evidence is that which is relevant and sufficient for reasonable minds to accept as adequate to support a conclusion; is more than a mere scintilla, and less than a mere

preponderance. Spellman v. Shalala, 1 F.3d 357, 364 (5th Cir. 1993). A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988). The legal standard for determining disability under Title XVI of the Social Security Act is the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months. 42 U.S.C.A. § 1383(c). Additionally, the Commissioner's regulations set out a five-step "sequential evaluation" process for determining disability under the Act. 20 C.F.R. § 416.920; Harper v. Sullivan, 887 F.2d 92, 95 (5th Cir. 1989). A disability finding at any point in the five-step process is conclusive and ends the analysis. Villa v. Sullivan, 895 F.2d 1019, 1022 (5th Cir. 1990).

## B. Disability Evaluation and Burden of Proof

Plaintiff has the burden of proving her disability by establishing a medically determinable impairment preventing her from engaging in substantial gainful activity for at least twelve consecutive months. See 42 U.S.C. § 1383(c). It is well established that the Court "may not reweigh the evidence in the record, nor try the issues de novo ..." Bowling v.Shalala, 36 F.3d 431, 434 (5th Cir. 1994). As this Court cannot reweigh the evidence and place itself in the "fact-finding business," this Court should give considerable deference to the ALJ's finding of fact. See Richardson v. Perales, 402 U.S. 389, 390 (1971).

Here, the Commissioner properly found at the fifth step that Plaintiff was not disabled because he could perform other jobs in the national economy, specifically sedentary work. Once the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts to

3

the claimant to rebut this finding. Selders v. Sullivan, 914 F.2d 614, 618 (5th Cir. 1990). Because Plaintiff has not rebutted the Commissioner's finding that she can perform other jobs in the national economy, the Commissioner's decision should be affirmed by this Court. Haywood v. Sullivan, 888 F.2d 1463, 1467 (5th Cir. 1989); Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988).

**C. The ALJ Called A Vocational Expert To Testify**

Plaintiff argues that the ALJ erred by not calling a VE to testify in the instant case. See Pl.'s Br. at 3. Contrary to Plaintiff's argument the ALJ called a VE to testify at the administrative hearing and the VE found based on the hypothetical question posed by the ALJ that Plaintiff could perform sedentary work (Tr. 34). Contrary to Plaintiff's argument, no reversible error was committed in this particular case because Plaintiff's counsel was afforded the opportunity to correct any perceived deficiencies in the hypothetical question as initially framed by the ALJ (Tr. 34). See Morris v. Bowen, 864 F.2d 333, 336 (5th Cir. 1988).

Plaintiff also argues that the ALJ accepted all of the findings of the state agency physician. See Pl.'s Br. at 4. Contrary to Plaintiff's argument, the ALJ specifically concurred with the state agency physician's findings that Plaintiff had a mild restriction in activities in daily living, moderate difficulties maintaining social functioning, mild difficulties in maintaining concentration, persistence or pace and no episodes of decompensation (Tr. 14). The ALJ did not find all of the state agency physician's findings to be credible (Tr. 16-17).

Plaintiff had a consultative examination performed by John W. Reeder, M.D., on February 7, 2002 (Tr. 120-122). Plaintiff's physical examination was essentially normal (Tr. 121). Dr. Reeder opined that Plaintiff probably had a stroke about 4 months ago, probable hypercoagulability, and

4

possible slight residual deficiency from the previous cerebral infarction. Additionally he estimated that Plaintiff could sit 100% of the time, stand 90% of the time, move about 80% of the time, lift, carry, and handle objects 75% of the time, hear 100% of the time, and speak 90% of the time (Tr. 122). Dr. Reeder recommended some additional testing for Plaintiff (Tr. 122). However, he did not state that Plaintiff was disabled.

Nick S. Aguilar, M.D., reported on April 25, 2002, that Plaintiff was doing well on Zoloft (Tr. 128). This clearly shows that Plaintiff has a remediable condition. See Lovelace v. Bowen, 813 F.2d 55 (5th Cir. 1987). Prior to this examination on January 14, 2002, Dr. Aguilar reported that Plaintiff had a questionable psychiatric component (Tr. 141).

Plaintiff also argues that a finding of fact must be made with respect to each of the mental activities found in 20 C.F.R. § 416.921(b). The Fifth Circuit explicitly rejects rigid rules of articulation and has held that the ALJ does not have to specifically discuss all evidence that supports the decision or all the evidence that was rejected. Falco v. Shalala, 7 F.3d 160, 163 (5th Cir. 1994). Instead, the Fifth Circuit only requires that the ALJ adequately explain the reasons for his decision. The Commissioner submits that the ALJ did so here (Tr. 12-18). Moreover, Plaintiff failed to present any evidence that supports her arguments that she has a severe mental impairment that would prevent her from performing a full range of sedentary work.

In addition, Plaintiff argues that remand is justified in this case. Plaintiff appears to argue that the ALJ failed to fully and fairly develop the record. See Pl.'s Br. at 7. The court in Kane v. Heckler, 731 F.2d 1216, 1219 (5th Cir. 1984) held that failure to fully develop the record is not per se grounds to remand the case. Instead, a claimant must show that she was prejudiced as a result of a defective

5

hearing. That is, she must show that had the ALJ performed his duties, she could and would have adduced evidence that would have altered his decision. Kane v. Heckler, 731 F.2d at 1220. It appears Plaintiff is attempting to shift the burden to the Commissioner when it is Plaintiff who has the duty to present evidence of a disabling impairment. While the ALJ has the duty to develop the record, it is not the ALJ's duty to become the claimant's advocate. See Glass v. Shalala, 43 F.3d 1392, 1396 (10th Cir. 1994); 20 C.F.R. § 404.1512 (Plaintiff's duty to produce evidence of a disabling impairment). Because Plaintiff was represented during the pendency of the administrative process, Plaintiff had ample opportunities to present her claim and Plaintiff has failed to show that she has a disabling impairment. The ALJ's decision was based on the substantial evidence of record.

## IV. CONCLUSION

The Commissioner's finding that Plaintiff is not disabled is within the purview of the Social Security Act and is consistent with regulatory criteria. The ALJ's decision is supported by substantial evidence and is a correct application of the regulations. The Commissioner therefore urges that her Motion for Summary Judgment be GRANTED.

Respectfully submitted,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

TINA M. WADDELL
Regional Chief Counsel
Special Assistant United States Attorney

By: /s/ Tasha W. Stevenson
TASHA W. STEVENSON
Special Assistant United States Attorney
Attorney in charge
Arkansas Bar No. 97245
Federal Bar No. 28157
Office of the General Counsel
Social Security Administration, Region VI
1301 Young Street, Suite 430
Dallas, Texas 75202
(214) 767-4536

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing has been served upon counsel for the Plaintiff, John J. Ingram II, 3016-A N. McColl, McAllen, Texas 78501 by certified mail, on this 3rd day of August, 2004.

/s/ Tasha W. Stevenson
TASHA W. STEVENSON
Special Assistant United States Attorney
Attorney in Charge