IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 0 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DORA LUZ SAUCEDA,<br>    Plaintiff | )<br>)<br>)<br>) |
| vs. | ) CIVIL ACTION NO. B-04-049<br>)<br>) |
| JO ANNE B. BARNHART<br>COMMISSIONER OF<br>SOCIAL SECURITY<br>ADMINISTRATION,<br>    Defendant | )<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S RESPONSE TO THE COURT'S ORDER

In response to the Court's order dated November 29, 2004, the undersigned attorney responds to the issue of whether or not the ALJ relied exclusively on the Psychiatric Review Technique Form (PRTF) for a determination of Plaintiff's alleged mental impairments. The Commissioner also incorporates by reference the Response to Plaintiff's Motion For Summary Judgment that was previously filed by the Defendant Commissioner.

Contrary to Plaintiff's argument, the ALJ did not rely exclusively on the PRTF completed by the state agency physician regarding Plaintiff's alleged mental impairment. The ALJ merely stated in his decision that he concurred with the findings of the state agency physician regarding Plaintiff's alleged mental impairment (Tr. 14). The additional evidence of record presented by Plaintiff does not support her allegations that she has limitations as a result of her depression. More importantly, Plaintiff fails to point to any objective findings to support her allegations that she has limitations as a result of her depression.

Plaintiff testified that she had depression (Tr. 26). However, the administrative record does not show that Plaintiff had any formal treatment by a psychologists or a psychiatrist as a result of her alleged mental impairment. Plaintiff's treating source, Dr. Aguilar also reported that Plaintiff had a questionable psychiatric component in January 2002 (Tr. 141). Although he reported that Plaintiff appeared depressed she denied any symptoms (Tr. 141). Dr. Aguilar also reported that Plaintiff took herself off of Zoloft on March 2002, this clearly does not support Plaintiff's allegations of having limitations as a result of a mental impairment (Tr. 134). The objective medical evidence of record shows that Plaintiff was prescribed Paxil by Dr. Aguilar in May 2002 (Tr. 125). Dr. Aguilar reported that Plaintiff's depression and nervousness was improved on this medication (Tr. 125). See Lovelace v. Bowen, 813 F.2d 55 (5th Cir. 1987).

Plaintiff also had a psychiatric evaluation performed by Robert O. Collier, M.D., on August 28, 2002 (Tr. 157-58). Dr. Collier diagnosed Plaintiff with depression secondary to physical illness, namely status post CVA, by her history. In addition, he assigned Plaintiff a Global Assessment Functioning (GAF) Score of 58[1]. Although a GAF of 58 represents moderate symptoms, Dr. Collier did not report any limitations in regards to Plaintiff's mental impairment. Dr. Collier reported that Plaintiff's psychiatric needs could best be met at the moment by her changing her Paxil to take at hs, and continue to be on some type of antidepressant medication to see if it would reduce depressive symptoms that appear to be secondary to a cerebral vascular accident (Tr. 158).

---

[1] / This represents moderate symptoms (e.g. flat affect and circumstantial speech, occasional panic attacks) or any moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers). DSM-IV, p. 32 (4th ed. 1994).

The ALJ clearly outlines all of the medical evidence presented by Plaintiff's examining and treating sources (Tr. 14-16). This clearly shows that the ALJ considered all of the evidence of record. As stated earlier, the record as a whole does not support Plaintiff's argument that she has limitations that would affect her ability to work as a result of her depression. None of Plaintiff's physicians reported that Plaintiff had any limitations that would prevent her from working as a result of her depression.

## CONCLUSION

The Commissioner's finding that Plaintiff is not disabled is within the purview of the Social Security Act and is consistent with regulatory criteria. The ALJ's decision is supported by substantial evidence and is a correct application of the regulations. The Commissioner therefore urges that her Motion for Summary Judgment be GRANTED.

    Respectfully submitted,

    MICHAEL T. SHELBY
    UNITED STATES ATTORNEY

    TINA M. WADDELL
    Regional Chief Counsel
    Special Assistant United States Attorney

By: *[signature]*
TASHA W. STEVENSON
Special Assistant United States Attorney
Attorney in charge
Arkansas Bar No. 97245
Federal Bar No. 28157
Office of the General Counsel
Social Security Administration, Region VI
1301 Young Street, Suite 430
Dallas, Texas 75202
(214) 767-4536

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served upon counsel for the Plaintiff, John J. Ingram II, 3016-A N. McColl, McAllen, Texas 78501 by certified mail, on this 9th day of December, 2004.

*[signature]*
TASHA W. STEVENSON
Special Assistant United States Attorney
Attorney in Charge