United States District Court
Southern District of Texas
ENTERED

DEC 1 4 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DORA LUZ SAUCEDA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-04-049 |
| | § | |
| JO ANNE B. BARNHART, Commissioner | § | |
| of the Social Security Administration, | § | |
| Defendant. | § | |

## MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

Plaintiff, Dora Luz Sauceda (hereinafter Plaintiff), seeks judicial review of the Commissioner of Social Security's final decision regarding her application for Supplemental Security Income Benefits. Plaintiff alleges an inability to secure employment due to medical conditions stemming from a stroke she suffered in 2001. This Court has jurisdiction to conduct judicial review pursuant to 42 U.S.C. § 405(g). Pending before the Court are Plaintiff's Motion for Summary Judgment (Docket No. 7) and Defendant's Motion for Summary Judgment (Docket No. 12). For the following reasons, the Court recommends that the Plaintiff's Motion for Summary Judgment be DENIED, and that the Defendant's Motion for Summary Judgment be GRANTED. Accordingly, the decision of the Commissioner should be AFFIRMED.

### PROCEDURAL BACKGROUND

Plaintiff filed her application for Supplemental Security Income Benefits on October 31, 2001. In her application Plaintiff alleged an inability to work due to numerous residual effects of a cerebral infarction (a "stroke") she suffered on October 9, 2001. Plaintiff's application was denied initially, and again denied on reconsideration. On June 5, 2003, at the request of the

1

claimant, a hearing was held before Administrative Law Judge ("ALJ") Stanley M. Schwartz in Harlingen, Texas. The claimant, who appeared and testified on her own behalf, was represented at the hearing by an attorney. Jerold Hildre, an impartial vocational expert, also appeared and testified.

In a decision dated September 26, 2003, the ALJ determined that, though the Plaintiff has a severe impairment, or combination of impairments, she retains the residual functional capacity to perform the full range of sedentary unskilled work described in the *Dictionary of Occupational Titles*. Therefore, the ALJ determined that Plaintiff was not disabled according to the Social Security Act and is not eligible for benefits pursuant thereto. After learning of the unfavorable decision, Plaintiff filed a request for review with the Appeals Council. The Appeals Council declined Plaintiff's request for review on January 23, 2004. Thereafter, Plaintiff filed the instant appeal in federal court.

## FACTUAL BACKGROUND

At the time of the hearing Plaintiff was 45 years old and had received a General Equivalency Degree (Tr. 22, 91).[1] She has no relevant past work experience (Tr. 84-93). Plaintiff stated that as a result of her stroke she suffers from headaches, blurred vision, dizziness, fatigue, numbness on her left side, and weakness (Tr. 85). She is also being treated for depression, which was brought about largely as a result of these ongoing medical problems (Tr. 25-26). She testified that these conditions prevent her from securing employment (Tr. 29-30).

---

[1]Citations to "Tr." refer to the Administrative Record.

## ALLEGATIONS

Plaintiff alleges that the ALJ erred, as a matter of law, in finding that she can perform the full range of sedentary unskilled labor. Specifically she purports that the ALJ:

(1) failed to elicit appropriate testimony from the vocational expert at the hearing,

(2) should not have relied exclusively on the Psychiatric Review Technique Form for a determination of Plaintiff's mental limitations,

(3) did not support his decision with substantial evidence, and

(4) did not adequately articulate the grounds for his decision.

The claimant argues that, because of the issues stated above, this case should be remanded to the Commissioner for further proceedings.

## LEGAL STANDARDS

Judicial review of a final decision by the Commissioner to deny benefits is limited under 42 U.S.C. § 405(g) to two inquiries: (1) whether substantial evidence of record supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999).

A claimant bears the burden of proving he or she is disabled. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Furthermore, a claimant is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work

3

but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A). According to regulations, the legal standard for determining disability is to be applied using a five-step sequential process. *See* 20 C.F.R. §§ 404.1520 and 416.920; *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1991).

The five-step analysis involves the following inquiries: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant's impairment or combination of impairments is severe; (3) whether the severe impairment is the same as, or equivalent to, an impairment described in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"); (4) whether the impairment prevents the individual from engaging in relevant work he has done in the past; and (5) whether other work exists in the national economy which the claimant can perform. 20 C.F.R. § 404.1520(a)-(f); *Bowling*, 36 F.3d at 435.

According to judicial practice, the claimant's burden of proving he is disabled translates into the claimant bearing the burden of proof on the first four of the above steps and the Commissioner bearing the burden on the fifth step. *Brown*, 192 F.3d at 498; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied*, 514 U.S. 1120 (1995). The analysis stops at any point in the five-step process upon a finding that the claimant is or is not disabled. *Greenspan*, 38 F.3d at 236.

## ANALYSIS

### A.    *The Vocational Expert Testimony*

Plaintiff asserts that the ALJ's finding in regard to her ability to perform the full range of sedentary work is legally erroneous. She bases this claim on her allegation that the ALJ did not

4

ask the vocational expert appropriate hypothetical questions. Specifically, she argues that the ALJ did not present all of her mental limitations to the vocation expert so that he could make an informed decision about her ability to perform the full range of sedentary unskilled labor described by the *Dictionary of Occupational Titles*.

In *Bowling v. Shalala,* the Fifth Circuit articulated a test for determining when a defective hypothetical question will produce reversible error. 36 F.3d 431, 436 (5th Cir. 1994). According to the standard put forth by the Court an appropriate hypothetical must:

   (1) reasonably incorporate all disabilities of the claimant recognized by the ALJ, and

   (2) afford the claimant or his representative the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical questions (including additional disabilities not recognized by the ALJ's findings and disabilities recognized but omitted from the question).

*Id.* In the present case Plaintiff claims that the ALJ did not comply with prong one of the above test. She argues that the ALJ recognized all of the disabilities mentioned in the State Agency's reports and, as such, should have presented each of the disabilities, including all mental limitations mentioned by the State Agency psychologist, to the vocational expert in the hypothetical questions asked at the hearing.

The transcript from Plaintiff's social security hearing reveals that, in addition to presenting hypothetical restrictions on exertion, the ALJ asked the vocational expert if a person who "had well organized thought, ...was goal directed in her answers, good memory, good insight, could relate to other people but did have a moderate impairment in relating to other people due to depressive symptoms" could perform any work (Tr. 34). The vocational expert replied that such a person would be able to handle the full range of sedentary unskilled labor (Tr.

5

34). The ALJ then asked the vocational expert again if the emotional limitations mentioned in the hypothetical would prevent a person from performing such work. The vocational expert replied that they would not (Tr. 34).

On a Psychiatric Review Technique Form (PRTF), the State Agency psychologist indicated that Plaintiff was "moderately limited" in her ability to understand and carry out detailed instructions, to interact with the public, to accept criticism from supervisors, and to respond appropriately to changes in the work setting (Tr. 173-175). The ALJ's written decision, however, makes clear that he specifically concurred only with the portion of the State Agency's findings which revealed that Plaintiff had "a mild restriction in activities of daily living, moderate difficulties maintaining social functioning[2], mild difficulties in maintaining concentration, persistence or pace, and no episodes of decompression" (Tr. 14). Plaintiff's argument that the vocational expert should have been made aware of the State Agency psychologist's opinion that Plaintiff was "moderately limited" in a number of other ways is without merit because those findings were not recognized by the ALJ. *Bowling*, 36 F.3d at 436. The job of bringing State Agency findings not recognized by the ALJ to the attention of the vocational expert was the duty of Plaintiff's attorney. *Bowling,* 36 F.3d at 436. In fact, the ALJ specifically asked Plaintiff's attorney if he had "any questions or hypotheticals" for the vocational expert and the attorney answered in the negative (Tr. 34). Thus, the ALJ satisfied

---

[2]It is the opinion of the Court that the ALJ's use of the description "a moderate impairment in relating to other people due to depressive symptoms" in the hypothetical he posed to the vocational expert is analogous to, and perhaps even more descriptive of Plaintiff's limitations than, this language used by the State Agency physicians.

both requirements mentioned by the Fifth Circuit in *Bowling v. Shalala* and Plaintiff's claims fail in this regard. 36 F.3d at 436.

Plaintiff also argues that the use of terms such as "one or two step tasks" are inappropriate in a hypothetical question when attempting to describe an emotional impairment. Though this may very well be the case, the Court need not decide that particular issue since the ALJ did not use such language in the hypothetical question posed to the vocational expert in this instance (Tr. 34). Thus, any claim Plaintiff might have had under this theory is without merit.

### B. *Psychiatric Review Technique Form Issues*

Plaintiff argues that the ALJ erred by relying solely on the Psychiatric Review Technique Form (PRTF) in deciding whether she suffered from any mental impairments. The record, however, indicates that the ALJ considered a number of sources when deciding Plaintiff's mental limitations. As Plaintiff recognizes, the ALJ stated in his decision that he concurred with some of the state agency physician's PRTF findings in regards to Plaintiff's mental limitations (Tr. 14). The ALJ also notes, however, that he took into consideration medical evidence offered by Plaintiff's examining and treating physicians in reaching his decision (Tr. 14-16). Furthermore, the ALJ specifically asked Plaintiff about her depressive symptoms at the hearing (Tr. 25-27) and stated that he would review the audio recording of the hearing in the course of making a final decision (Tr. 34-35). The ALJ, therefore, properly relied on a number of sources in deciding the extent of Plaintiff's mental limitations and Plaintiff's contention that the ALJ utilized only the PRTF is not supported by the record.

### C.   *Substantial Evidence Issues*

Plaintiff next argues that the ALJ's findings regarding her disability status are not supported by substantial evidence and thus the case should be remanded to the Commissioner for further proceedings. As used in this context, the term "substantial evidence" means more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); *see also Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Brown*, 192 F.3d at 496. In determining the existence of substantial evidence, the court may not reweigh the evidence, decide issues de novo, or substitute its judgment for that of the administrative fact finder. *Brown*, 192 F.3d at 496; *see also Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983).

The record shows that the ALJ took into consideration evidence that Plaintiff suffered from a number of limitations and how those limitations affected her ability to work (Tr. 13-17). From this evidence, the reports of the state medical consultants, and the testimony of a vocational expert the ALJ determined that Plaintiff could perform the full range of sedentary unskilled work and was not disabled for social security purposes. After reviewing the record, the Court concludes that the ALJ's decision is supported by substantial evidence.

### D.   *ALJ's Articulation of the Grounds for the Decision*

The Fifth Circuit imposes a duty on an ALJ "to develop the facts fully and fairly relating to an applicant's claim for disability benefits." *See Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). "If the ALJ does not satisfy his duty, his decision is not substantially justified." *Id.* In this case, the claimant alleges that the ALJ did not fully develop the facts and that he did not adequately articulate the basis for his decision. Reversal is appropriate, however, only if the

applicant shows prejudice from the ALJ's failure to request additional information. *Id.* "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Id.* at 557 n. 22.

Plaintiff has failed to make a sufficient showing that additional evidence could have been produced, if requested. Furthermore, there has been no showing that any additional evidence might have led to a different decision. As a result, reversal and remand for additional evidence, from a vocational expert, psychologist, or otherwise, is unnecessary. *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984).

## RECOMMENDATION

For the aforementioned reasons, this Court recommends that the Plaintiff's Motion for Summary Judgment (Docket No. 7) be DENIED and Defendant's Motion for Summary Judgment (Docket No. 12) be GRANTED. Accordingly, it is recommended that the decision of the Commissioner be AFFIRMED.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this ___14th___ day of December 2004.

*/s/ Felix Recio*
Felix Recio
United States Magistrate Judge