United States District Court
Southern District of Texas
ENTERED

JAN 0 6 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

DORA LUZ SAUCEDA,           §
Plaintiff,                  §
                            §
v.                          §           CIVIL ACTION NO. B-04-049
                            §
JO ANNE B. BARNHART, Commissioner §
of the Social Security Administration, §
Defendant.                  §

### MAGISTRATE JUDGE'S AMENDED REPORT & RECOMMENDATION

Plaintiff, Dora Luz Sauceda (hereinafter Plaintiff), seeks judicial review of the Commissioner of Social Security's final decision regarding her application for Supplemental Security Income Benefits. Plaintiff alleges an inability to secure employment due to medical conditions stemming from a stroke she suffered in 2001. This Court has jurisdiction to conduct judicial review pursuant to 42 U.S.C. § 405(g). Pending before the Court are Plaintiff's Motion for Summary Judgment (Docket No. 7) and Defendant's Motion for Summary Judgment (Docket No. 12). For the following reasons, the Court recommends that the Plaintiff's Motion for Summary Judgment be DENIED and that the Defendant's Motion for Summary Judgment be DENIED, but that the case be REMANDED to the Commissioner for clarification of the issue discussed below.

### PROCEDURAL BACKGROUND

Plaintiff filed her application for Supplemental Security Income Benefits on October 31, 2001. In her application Plaintiff alleged an inability to work due to numerous residual effects of a cerebral infarction (a "stroke") she suffered on October 9, 2001. Plaintiff's application was denied initially, and again denied on reconsideration. On June 5, 2003, at the request of the claimant, a

1

hearing was held before Administrative Law Judge ("ALJ") Stanley M. Schwartz in Harlingen, Texas. The claimant, who appeared and testified on her own behalf, was represented at the hearing by an attorney. Jerold Hildre, an impartial vocational expert, also appeared and testified.

In a decision dated September 26, 2003, the ALJ determined that, though the Plaintiff has a severe impairment, or combination of impairments, she retains the residual functional capacity to perform the full range of sedentary unskilled work described in the *Dictionary of Occupational Titles*. The ALJ utilized the testimony of a vocational expert in addition to the Medical-Vocational Guidelines (the Grids) in determining that Plaintiff was not disabled according to the Social Security Act. After learning of the unfavorable decision, Plaintiff filed a request for review with the Appeals Council. The Appeals Council declined Plaintiff's request for review on January 23, 2004. Thereafter, Plaintiff filed the instant appeal in federal court. A report and recommendation was issued by this Court on December 14, 2004 (Docket No. 16). Plaintiff timely objected (Docket No. 17) and in response to issues raised for the first time in her objections the Court now submits this amended report and recommendation.

## FACTUAL BACKGROUND

At the time of the hearing Plaintiff was 45 years old and had received a General Equivalency Degree (Tr. 22, 91).[1]  She has no relevant past work experience (Tr. 84-93).  Plaintiff stated that as a result of her stroke she suffers from headaches, blurred vision, dizziness, fatigue, numbness on her left side, and weakness (Tr. 85).  She is also being treated for depressive symptoms, which were brought about largely as a result of these ongoing medical problems (Tr. 25-26).  She testified that these conditions prevent her from securing employment (Tr. 29-30).

---

[1]Citations to "Tr." refer to the Administrative Record.

2

## ALLEGATIONS

Plaintiff alleged in her Motion for Summary Judgment (Docket No. 7) that the ALJ erred, as a matter of law, in finding that she can perform the full range of sedentary unskilled labor. Specifically she argued that the ALJ:

(1)  failed to elicit appropriate testimony from the vocational expert at the hearing,

(2)  impermissibly relied exclusively on the Psychiatric Review Technique Form for a determination of Plaintiff's mental limitations,

(3)  did not support his decision with substantial evidence, and

(4)  did not adequately articulate the grounds for his decision.

The claimant argues that, because of the issues stated above, this case should be remanded to the Commissioner for further proceedings.

In addition to repeating the above claims in her objections (Docket No. 17) to the report and recommendation of this Court Plaintiff raises, for the first time, another alleged fault in the ALJ's decision surrounding his reliance on the Medical-Vocational Guidelines (the Grids).  This concern is addressed below.

## LEGAL STANDARDS

Judicial review of a final decision by the Commissioner to deny benefits is limited under 42 U.S.C. § 405(g) to two inquiries: (1) whether substantial evidence of record supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999).

3

A claimant bears the burden of proving he or she is disabled. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Furthermore, a claimant is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A). According to regulations, the legal standard for determining disability is to be applied using a five-step sequential process. *See* 20 C.F.R. §§ 404.1520 and 416.920; *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1991).

The five-step analysis involves the following inquiries: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant's impairment or combination of impairments is severe; (3) whether the severe impairment is the same as, or equivalent to, an impairment described in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"); (4) whether the impairment prevents the individual from engaging in relevant work he has done in the past; and (5) whether other work exists in the national economy which the claimant can perform. 20 C.F.R. § 404.1520(a)-(f); *Bowling*, 36 F.3d at 435.

According to judicial practice, the claimant's burden of proving he is disabled translates into the claimant bearing the burden of proof on the first four of the above steps and the Commissioner bearing the burden on the fifth step. *Brown*, 192 F.3d at 498; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied*, 514 U.S. 1120 (1995). The analysis stops at any point in the five-step process upon a finding that the claimant is or is not disabled. *Greenspan*, 38 F.3d at 236.

4

## ANALYSIS

Plaintiff asserts that the ALJ's finding in regard to her ability to perform the full range of sedentary work is legally erroneous. In her Motion for Summary Judgment (Docket No. 7) she based this claim on her allegation that the ALJ did not ask the vocational expert appropriate hypothetical questions. She argued that the ALJ did not present all of her mental limitations to the vocational expert so that he could make an informed decision about her ability to perform the full range of sedentary unskilled labor described by the *Dictionary of Occupational Titles*. That issue was addressed fully by the initial report and recommendation and the Court found the hypothetical questions used by the ALJ to be sufficient. In her objections (Docket No. 17) to the report and recommendation of this Court Plaintiff raises, for the first time, the additional issue of whether the ALJ inappropriately relied on the Medical-Vocational Guidelines (the Grids) in deciding that she was not disabled. Plaintiff notes that despite utilizing a vocational expert at the administrative hearing the ALJ states in his opinion that he relied on the Grids in determining Plaintiff's disability status (Tr. 16, 17). Because reliance on the Grids is not always appropriate when there are nonexertional impairment allegations, as there are here, the Court now turns to determine whether the ALJ's decision to use both vocational expert testimony and the Grids was permissible in this case.

In his written opinion the ALJ notes, after referencing the vocational expert testimony, that the Grids directed that he find Plaintiff "not disabled" (Tr. 17, 18). If a claimant's impairments are solely exertional the ALJ may rely exclusively on the Grids to determine if these impairments, when considered along with her residual functioning capacity, warrant a finding of disability. *Davis v. Shalala,* 859 F. Supp. 1011, 1014 (N.D. Tex. 1994). When a claimant suffers from nonexertional or a combination of exertional and nonexertional impairments, however, the ALJ's inquiry must

5

sometimes be altered. When the ALJ makes a determination that a claimant's nonexertional impairments prevent her from performing substantially all of the work activities she is able to undertake, given her exertional limitations, vocational expert testimony must be relied upon. *20 C.F.R. § 404.1569a(c) & (d); Carter v. Heckler*, 712 F.2d 137, 142 (5th Cir. 1983); *Dellolio v. Heckler*, 705 F.2d 123, 127 (5th Cir. 1983); *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986). In situations where a claimant cannot substantially perform the range of work permitted by her exertional limitations because of nonexertional impairments, the Grids may be used as a framework or as a source of insight for a decision but they cannot be the sole basis for a determination of disability status. 20 C.F.R. 416.969a (c) & (d); *Young v. Sullivan,* 911 F.2d 180, 185 (9th Cir. 1990); *Davis*, 859 F. Supp. at 1015. The purpose of the this restriction is to ensure that the ALJ does not rely exclusively on the exertional based Grids to determine disability when there are other nonexertional limitations affecting a claimant's ability to perform a certain range of work.

In the instant case it is clear that at step two of the sequential process for determining disability the ALJ found that Plaintiff suffered from a severe exertional impairment (Tr. 14). It is also evident that the ALJ found that Plaintiff had some difficulty functioning due to depressive symptoms (Tr. 14). He specifically concurred with the portion of the State Agency's findings which revealed that Plaintiff had "a mild restriction in activities of daily living, moderate difficulties maintaining social functioning, [and] mild difficulties in maintaining concentration, persistence or pace" (Tr. 14). It is not clear, however, whether the ALJ went on to determine if Plaintiff's depression related symptoms prevented her from performing any of the work allowed by her exertional abilities. Although the ALJ referred to the opinions of Plaintiff's doctors and the state agency physicians regarding her nonexertional limitations (Tr. 14), which suggests that he at least

considered these limitations, he made no explicit findings as to how they related to her exertional capacity.  Such findings are necessary when medical evidence of nonexertional limitations is recognized by the ALJ.  *Dellolio*, 705 F.2d at 127.  The ALJ also notes that Plaintiff's allegations of pain and "other symptoms" (Tr. 15) are "out of proportion to the objective findings" (Tr. 16) but what the "other symptoms" consist of is not explicitly stated.  This language appears to address the issue but the Court is unable to determine for certain from the opinion whether this was the case. As such the Court stands by the conclusions in the original Magistarte Judges Report and Recommendation but acknowledges that some clarification is needed to ensure that the ALJ properly addressed Plaintiff's nonexertional limitations before relying on the Grids.  A remand to the Commissioner is therefore necessary for clarification as to whether Plaintiff's mental restrictions rise to the level of nonexertional impairments and limit her access to the full range of occupations encompassed within the regulatory definition of "sedentary work." *Dellolio*, 705 F.2d at 127-128. However, the recommendation for remand is based on issues put forth for the first time by Plaintiff in her objections to the initial report and recommendation of this Court.  Therefore despite advocating remand, this Court recommends that Plaintiff's Motion for Summary Judgment be denied.

## RECOMMENDATION

For the aforementioned reasons, this Court recommends that the Plaintiff's Motion for Summary Judgment (Docket No. 7) be DENIED and Defendant's Motion for Summary Judgment (Docket No. 12) also be DENIED. It is recommended, however, that the case be REMANDED to the Commissioner for clarification of the effect, if any, Plaintiff's nonexertional impairments have on her ability to perform the full range of sedentary work activities.

7

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this _____ day of January 2005.

_____
Felix Recio
United States Magistrate Judge

8