UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 2 2 2005

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DORA LUZ SAUCEDA | § |
| | § Civil Action No. B-04-049 |
| Plaintiff | § |
| v. | § |
| JO ANNE B. BARNHART,<br>Commissioner of the<br>Social Security Administration | § |
| Defendant | § |

**AFFIDAVIT OF JOHN J. INGRAM II
IN SUPPORT OF UNOPPOSED MOTION FOR AWARD OF ATTORNEY FEES**

STATE OF TEXAS
COUNTY OF HIDALGO

My name is John J. Ingram II. I am competent to make this affidavit and have personal knowledge of the facts stated herein.

I am an attorney licensed to practice in the State of Texas and in the United States District Court for the Southern District of Texas.

The plaintiff, Dora Luz Sauceda, retained me to represent her in this civil action arising under the Social Security Act.

My fee is One Hundred and Twenty-Five Dollars ($125.00) per hour. The overall median attorney fee in Houston, Texas, is One Hundred and Fifty Dollars ($150.00) per hour. See: "Texas Attorneys Report on Hourly Rates," 59 Texas Bar Journal 114.

As a result of the Order of this Court dated January 21, 2005, the plaintiff became a prevailing party in the above-captioned action and became entitled to an award of attorney fees

and costs pursuant to the Equal Access to Justice Act (28 USC 2412).

Attached hereto is Exhibit 1 which is a summary of the undersigned attorney's time and the expenses the Plaintiff has incurred in maintaining this action. The hours and costs claimed are reasonable. Exhibit 1 has been reviewed by the Commissioner's Counsel who concurs in the amounts requested and agrees that they are reasonable.

I have had over 4 years experience in handling social security cases and, therefore, have developed an expertise in this area of law which enabled me to render the necessary legal services more expeditiously than an attorney without such experience.

This matter required legal research into whether the finding that the plaintiff can do other work is consistent with applicable legal standards and supported by substantial evidence when the administrative law judge failed to make a finding on his ability to communicate in English.

The total attorney fee of $ 3,950 along with $150.00 costs, is reasonable considering (1) time and labor required for the litigation, (2) the novelty and difficulty of the issues presented, (3) the skill required to perform the legal services properly, (4) the customary fee, and (5) the other factors set forth by the Court of Appeals for the Fifth Circuit in determining a reasonable lodestar fee. See: Johnson v. Georgia Highway Express, Inc. 488 F. 2d 714, 717-719 (5th Cir. 1974).

An award of attorneys fees under the Social Security Act for services rendered at the judicial level do not preclude an award of attorneys' fees for those same services under EAJA. 28 U.S.C.A § 2412 note (Pub. L. No. 96-481 § 206(b), as amended by Pub. L. 99-80 § 3). See Frazier v. Apfel, 240 F.3d 1284 (10th Cir. 2001)(holding that attorney's fees available under the EAJA and under the Social Security Act are two different kinds of fees and must be separately awarded). However, where the claimant's attorney receives fees for the same work under both

the Social Security Act and EAJA, the attorney must refund the claimant the amount of the smaller fee. 28 U.S.C.A. § 2412 note (Pub. L. 96-481 § 206(b), as amended by Pub. L. 99-80 § 3). See Hayes v. Callahan, 973 F.Supp. 1290, 1292 (D. Kan. 1997).

The plaintiff is not responsible for payment of any other legal fees or expenses except those which are allowable under EAJA for representation in this cause only because the undersigned attorney has agreed with the Plaintiff to limit his services to federal court work. The court having rendered a judgment under the fourth sentence of 42 U.S.C.A. 405(g), it no longer has jurisdiction over this case. If the plaintiff is successful in obtaining social security benefits after the next administrative hearing of this claim, the 42 U.S.C.A. 406(a) fees (if any) will be withheld from past-due benefits, or will be paid directly by the plaintiff to his non-attorney representative.

JOHN J. INGRAM II
John J. Ingram II
Attorney-in-Charge
Texas Bar No. 24025447
3016-A N. McColl
McAllen, Texas 78501
(956) 661-0074 - Telephone
(956) 661-0047 - Facsimile

SWORN TO and SUBSCRIBED before me by John J. Ingram II on February 18, 2005.

THELMA G. JASSO
Notary Public, State of Texas
My Commission Expires
October 18, 2005

NOTARY PUBLIC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing: "AFFIDAVIT OF JOHN J. INGRAM II IN SUPPORT OF UNOPPOSED MOTION FOR AWARD OF ATTORNEY FEES" has been furnished to Tasha W. Stevenson, Special Assistant United States Attorney, 1301 Young Street, Suite 430, Dallas, Texas by placing same in the United States Mail, certified, return receipt requested, on this 18th day of February 2005..

By: _____
John J. Ingram II